## No. 8146.

### JOHN CHAFFE & SONS vs. LISSO & SCHEEN.

Plaintiffs took an Attachment against Defendants and, for that purpose, furnished a bond of $60,000.

To protect their surety on the bond, they put in his hands, on pledge, moneys and property to the amount of the bond.

Defendants afterwards made a *cessio bonorum* to their creditors and a syndic was appointed.

Plaintiffs proceeded by Rule against the syndic to have their Attachment bond cancelled, and against Robinson's representatives to have the pledged money and property returned to them.

·The syndic consented to the Rule, but Robinson's representatives opposed it on legal grounds.

*Held* that the syndic was the only party who could ever claim damages under the Attachment, and he being bound by his answer to the Rule, Robinson's representatives had no right to retain the pledge.

APPEAL from the Tenth Judicial District Court, parish of Red River. Logan, J.

*Montfort S. Jones* for Plaintiffs and Appellants.

*L. B. Watkins* for Executors of Robinson, Appellees:

First—This proceeding by rule is not a proper one in which to test the nullity of the bond, for the reason that all the creditors of Lisso & Scheen are not made parties—Christopher Chaffe, Jr., definitive syndic, only represents those who are legally bound by the cession.

Second—The attachment bond was made payable to the clerk of the District Court for the use of all parties in interest, or concerned, and is conditioned for the payment of all damages that shall be sustained by Lisso & Scheen or any other party interested; and the cession of Lisso & Scheen did not destroy the right of action on the bond, but transferred all right of action on it to the insolvency proceedings and *concurso*, except so far as the non-resident creditors holding debts not affected thereby are concerned.

Chaffe & Sons vs. Lisso & Scheen.

Third—That a trial of plaintiffs' rule contradictorily with the definitive syndic and the executors of the surety, in this collateral way, would not form *res judicata*, particularly with regard to non-resident creditors holding debts unaffected by the cession.

Fourth—There is neither evidence nor pleading in the record on which the court could base a judgment upon the *quantum* of damage *vel non*.

Fifth—The recourse of those creditors of Lisso & Scheen, who are bound by the cession, upon Christopher Chaffe Jr's bond as definitive syndic, for any failure to properly defend this cause, is not exclusive of other remedies.

Sixth—The abandonment by the intervenors of all claim to damage on account of the illegal seizure of their property does not preclude like claims by other persons.

———

The opinion of the Court was delivered by

TODD, J.   The plaintiffs proceeded by attachment against the defendants.   G. W. Robinson was the surety on the attachment bond, which was for sixty thousand dollars.   To save the said surety from loss the plaintiffs placed in his hands, or those of his agents, moneys, rights and credits to the amount of the bond.   Subsequently to the issuance of the attachment, Lisso & Scheen, the defendants, made a surrender under the insolvent laws of the State, the property of the insolvents was taken possession of by a syndic duly appointed, and who proceeded to administer the estate.

The plaintiffs actuated, doubtless, by a wish to recover possession of their property pledged to Robinson, their surety as stated, filed a rule, to which the syndic and the executors of Robinson, the surety—he having died since the commencement of the attachment proceeding—and certain other persons who had intervened, claiming some of the property attached, were made parties.   The object of the rule being to have the attachment bond given by the plaintiffs cancelled by a judgment of the court.

All these parties answered consenting to the cancellation of the bond, except the executors of Robinson's estate.   They opposed the application substantially on the ground that the actionable right of the creditors of Lisso & Scheen, the insolvents in the attachment bond executed by the plaintiffs, had not expired by limitation, and until all liability on this bond had terminated, they were unwilling to surrender the securities in their hands, and should not be compelled to do so.

There was judgment discharging the rule and refusing the application, and the plaintiffs have appealed.

We have perused with great care and interest the very able briefs of counsel representing both parties, but do not think it necessary to consider all the various questions so ingeniously discussed by them. From the view we take of the case, the real question presented is easily solved by reference to a few simple provisions of law.

The condition of an attachment bond is that the plaintiff " will pay

all such damages as the defendant may recover against him in case it should be decided that the attachment wrongfully issued." C. P. 245.

The Act of 1871, No. 103, required that the bond provided by the terms of Act 245 to be made payable to the defendant in the suit, should be made payable to the clerk. If it enlarged at all the scope of the bond, it enlarged it solely so as to embrace within its protection such third persons as might be directly injured by the writ by the wrongful seizure of their property under it. It gives no right to other creditors of the defendant to sue on the bond.

If the attachment wrongfully issued, the defendant in the attachment might assign the bond and subrogate his assignee to his right to recover the damages the attachment may have caused him. But, before any such right can be claimed, there must be an assignment of the bond, either conventional or resulting from the operation of law.

The surrender of Lisso & Scheen, the defendants in the attachment suit, did operate as an assignment of all their rights in the bond, but only in favor of such creditors as accepted the surrender or were by law affected by it. The syndic of the insolvents legally represents all such creditors—those appearing and accepting the surrender, and those bound without any formal acceptance. This syndic, the legal representative of these creditors, has judicially acknowledged the justice of the plaintiffs' demand for the cancellation of the bond, and consents thereto, and by such acknowledgment and consent these creditors are bound; or, if they have cause to complain of it, they must proceed against the syndic and his sureties.

As to such class of creditors as have not accepted or acquiesced in the surrender, they can have no interest in any right or claim that accrues *solely* by virtue of this surrender, which they ignore or repudiate. They are not the assignees of this attachment bond, and are not subrogated to its benefits either conventionally or by operation of law and, therefore, can never exercise any right of action thereupon, and Robinson's estate is in no danger of sustaining any loss from an action that can never legally be prosecuted.

Again, when could any right of action arise against the plaintiffs on the bond in favor of the defendants or others? Not until it had been judicially determined that the attachment issued wrongfully. But under existing circumstances, and the condition of the proceedings, how could such judicial determination be procured? Lisso & Scheen could not procure it, having become insolvent, nor could their syndic, because he has renounced any right to do so by his answer in this case. Yet if it could be done, it must be done by the joint action of all the creditors of the insolvent, both those represented by the syndic, and those not represented by him, if there be any such. But it is plain to see that at

this stage of the proceedings, and after such judicial admissions and consent, the syndic would be precluded from taking such action, either singly or in conjunction with other creditors. Thus it may be perceived that any future suit on this bond is improbable, if not legally impossible, and that no probability of any damage, or liability from such suit, even the most remote, exists. That sixty thousand dollars worth of property should remain tied up for an indefinite length of time, to await such mythical suit of the future, is too extravagant a proposition to be entertained.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and proceeding to render such judgment as should have been rendered by the lower court, it is ordered, adjudged and decreed that the rule in this case be made absolute, and the attachment bond executed in this case of John Chaffe & Sons vs. Lisso & Scheen, No. 231, on the docket of the Tenth District Court of Red River parish, be annulled and cancelled, the defendants in the rule to pay costs of the lower court, and the costs of this appeal to be paid by the executors of the estate of G. W. Robinson.

Mr. Justice Levy recuses himself in this case, having been of counsel.